PETER STANCIOFF *vs.* RALPH E. L. HERTZ. July 22, 1980. About six months after an arbitrator had made an award, the plaintiff applied to the Superior Court for confirmation. A judgment was entered confirming the award and ordering the defendant to pay damages in the amount determined by it. The defendant made no application to vacate or modify the award. See G. L. c. 251, §§ 12 and 13, as amended by St. 1972, c. 200, §§ 1 and 2. The defendant has appealed from that judgment and argues two issues.

1. There was a dispute between the parties as to whether the locale of the arbitration was to be Boston or New York. Rule 11 of the Construction Industry Arbitration Rules of the American Arbitration Association (AAA) provides: "If a party objects to the locale requested by the other party, the AAA shall have power to determine the locale and its decision shall be final and binding." The defendant was thus bound by the AAA's choice of Boston. That in turn conferred on the Superior Court jurisdiction to enter judgment on the award. G. L. c. 251, § 16, inserted by St. 1960, c. 374, § 1.

2. The defendant contends that the award is unenforceable as it was made beyond the time set by the rules and agreed to by the parties. In making this contention the defendant relies principally on the language contained in the first sentence of G. L. c. 251, § 8(*b*). The original time for making the award was extended as the result of a series of requests by one party or the other. It appears from the record appendix that the defendant was represented in those proceedings by two attorneys. The final request was made by the defendant on March 17, 1978, when one of his attorneys submitted a reply to an earlier (March 13) submission of the plaintiff and requested that the hearing be reopened to receive it. This request is indicated in a letter of March 20 sent by the attorney to the AAA. Then on the next day (March 21), the defendant's other attorney sent the arbitrator a letter in which he objected to "papers being submitted to the arbitrator after the closing of the hearings." He pointed out that the proper procedure would be for the arbitrator to reopen the proceedings. On March 23 the arbitrator notified the parties by letter that he had reopened the proceedings to allow the defendant's reply to be filed. The arbitrator stated in his letter that the hearings were "*finally* closed," (emphasis ori-

Rescript Opinions.

ginal) and set April 21, 1978, as the due date for the award. The award was issued on that date. It appears from the record that the applicable rules empowered the arbitrator to grant the several extensions. In any event, under rule 53 of the arbitration rules, which the parties incorporated in their agreement, the rules were for the arbitrator to interpret and apply. His interpretation, like an arbitrator's ruling of law, is not reviewable by us. *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 386, 390 (1973). Moreover, it was at the defendant's request that the hearings were reopened, and we deem that by this action he waived any objection to the timeliness of the award. He cannot on one day request a reopening and then on the following day object to the timeliness of the award, if an objection was what he intended. If no objection was intended, then under G. L. c. 251, § 8(*b*), a waiver would be deemed to have been made.

*Judgment affirmed.*

*Christopher L. Noble* for the plaintiff.
*Nancy F. Madden & Edward A. White*, for the defendant, submitted a brief.