Dolan, J.
This action results from plaintiff's purchase of partially completed condominium units from defendant Cable Land Trust (hereinafter “Cable”), a now insolvent trust. Plaintiff seeks to recover damages resulting from Cable’s failure to complete the condominium units, as well as G.L. c. 93A damages from defendants Paul Kerrigan and Virginia Kerrigan for their alleged role in the insolvency of Cable. Plaintiff also alleges that a condominium unit was conveyed from defendant Cable by defendant Paul Kerrigan, a trustee of Cable, to defendant Virginia Kerrigan, without adequate consideration, and seeks to satisfy its damages by means of equitable relief under the provision of G.L. c. 109A, applicable to fraudulent transfers.
This action was brought in the superior court and remanded to the district court under the provision of G.L. c. 231, § 102C. The original remand order was for “all matters except claim under G.L. c. 109A and preliminary injunction relief.” The case was retained in the superior court for a period of thirty (30) days to allow plaintiff to seek preliminary injunction relief. No action was taken by the plaintiff within the thirty (30) day period, and the case was transferred to the district court.
Defendants Paul Kerrigan and Virginia Kerrigan filed Dist./Mun. Cts. R. Civ. P., Rule 12(b)(6) motions to dismiss the G.L. c. 93A claims which were denied. The said defendants seek a review in this division of these interlocutory rulings prior to a trial being held.
There is no right to immediate appellate review of interlocutory orders or rulings. An appeal of an interlocutory ruling may be brought to this division only with the consent, or upon the voluntary report, of the trial judge pursuant to G.L. c. 231 § 108, and Dist./Mun. Cts. R. Civ. P., Rule 64(d). The report of an interlocutory order or ruling should contain an express, written certification in the report that the interlocutory ruling in question “so affects the merits of the controversy that it ought, in justice, to be determined by the Appellate Division before further proceedings are had.” See Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 43-44; Quint v. Moffie, 1987 Mass. App. Div. 133, 134. The reports do not contain the requisite certification of the trial *58 judge’s assessment of the significance of the interlocutory rulings. As such, the defendants’ interlocutory appeals to this division are premature.
Defendants Paul Kerrigan and Virginia Kerrigan also filed Dist./Mun. Cts. R. Civ. P., Rule 12(b)(1) motions to dismiss the G.L. c. 109A claim for lack of subject matter jurisdiction in the district court which were denied. The said defendants seek a review in this division of these interlocutory rulings. The reports do not contain the requisite certification of the trial judge’s assessment of the significance of these interlocutory rulings. As such, the defendants’ interlocutory appeals to this division are premature.
By way of dicta, this division notes that at least in those cases where there are both legal and equitable claims, a district court judge should act on so much of the complaint over which the district court has jurisdiction and should not consider the elements of a case not within the jurisdiction of the district court. Maloney v. Sargisson, 18 Mass. App. Ct. 341, 345 (1984). In those cases where a party questions a transfer from the superior court to the district court because of the importance of equitable remedies to the total case, the proper procedure is a motion in the superior court seeking to vacate the order of transfer. A remanded case can be retransferred td the superior court in two ways; before trial, by an order of the superior court vacating its order of transfer, and after trial, at the request of any aggrieved party. Weiss v. Magaw, 39 Mass. App. Dec. 48, 51 (1967).
Defendants’ appeals to this division are premature. The reports are hereby dismissed.