Turcotte, J.
This case was remanded from the Superior Court for trial; however, the defendant before remand had filed a third party complaint based upon a cause of *162 action over which the District Court has no jurisdiction.[2] The Judge of the District Court on motion dismissed the third party complaint filed by the defendant for lack of jurisdiction and the defendant claimed a report and error by the judge in allowing the motion.
The defendant argues that the remand and subsequent dismissal puts her in a position where her case may be damaged because all claims can’t be tried together. She asks us to rule that the remand statute by implication gives jurisdiction to the District Court Department of any cause of action remanded for trial.[3] The defendant cites no authority that would allow us to imply jurisdiction as she argues. In the case of Maloney v. Sargisson, 18 Mass. App. Ct. 341 at 345, the court approved of a District Court Judge’s failure to decide an equity matter. We hold a remand order gives the District Court Judge no additional jurisdiction.
This report is one that may have been dismissed by the trial judge since the issue it raises is an interlocutory matter. Such rulings must await entry of judgment and thereafter appealed to the Appellate Division. The report lacks the certificate of the trial judge that the matter so affects the merits of the controversy that it should be determined before further proceedings are heard. Leasefirst v. Minuteman Trucking Corporation, et al., 1989 Mass. App. Div. 214. Hearthside Court Condominium Trust at Pembroke v. Paul Kerrigan and another, 1988 Mass. App. Div. 57. This requirement may save judicial effort; for example, although this report failed to attach any pleadings, it may be that if the defendant prevailed in the case in chief, the issue raised by the third party complaint would be moot. If not moot, the defendant conceded her cause of action if dismissed even now could be brought in the Superior Court.
In Hearthside Court Condominium Trust at Pembroke v. Paul Kerrigan and another, infra, a motion to dismiss claims over which the District Court had no jurisdiction was denied. The Appellate Division Southern District stated by way of dicta, “this division notes that at least in those cases where there are both legal and equitable claims, a District Court judge should act on so much of the complaint over which the District Court has jurisdiction and should not consider the elements of a case not within the jurisdiction of the District Court. Maloney v. Sargisson, 18 Mass. App. Ct. 341, 345 (1984).” We adopt the recommendation made there, and apply it to any case where any part of the case is not within the jurisdiction of the District Court.
In the case before us where no harm resulted from the dismissal of the claim remanded over which the District Court had no jurisdiction, we find no error and dismiss the report.

The cause of action was under the provisions of G.L.c. 258. G.L.c. 258, §3 gives jurisdiction to the Superior Court only.

 G.L.c. 231, §102(c).