Hurley, J.
The defendant, Terminix International, Inc., appeals from the denial of its motion to compel arbitration and stay all proceedings. We determine that the trial judge lacked jurisdiction to act on that motion.
The plaintiffs brought suit alleging that they sustained personal injuries as a result of Terminix’ negligent application of pesticides at their home. The plaintiffs rented property from the defendant, Henry Baley. Baley contracted with Terminix to perform pest control services at the property. The contract contains the following arbitration clause:
ARBITRATION. The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The decision of the arbitrators shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator’s decision. In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated profits.
*154 The plaintiffs commenced this action in the District Court. They allege causes of action against Terminix for negligence, breach of duty to warn and breach of warranty. The case was removed to the Superior Court by the defendant Baley. Thereafter, the case was transferred to the District Court pursuant to Superior Court Rule 29. The defendant Baley’s motion to revoke the order of transfer was denied in the Superior Court. It is unclear from the record before us whether a motion to compel arbitration was presented to the Superior Court. In any event, thereafter, Terminix argued its motion to compel arbitration to the District Court judge. That motion was denied and this appeal followed.
The parties have not briefed and argued the issue of whether the District Court has jurisdiction to compel arbitration in this case.[3] The parties do argue whether the claims brought are subject to arbitration pursuant to the contract language and whether the plaintiffs, who are not signatories to the contract, are bound by the arbitration clause.
G.L.c. 251, §2 provides that a party aggrieved may apply to the Superior Court for an order directing the parties to proceed to arbitration. Such authority is not given to the District Court. While this case itself comes within the civil action jurisdiction of the District Court, the defendant Terminix’ attempt to enforce the arbitration clause does not.[4] The arbitration issue is not merely incidental to the claims made in this case, but rather concerns the forum in which the claims may be adjudicated. See Bushnell v. Bushnell, 393 Mass. 462 (1984).
We determine that the motion judge was without authority to act on this motion to compel arbitration. The decision denying the motion is reversed.

 The question of jurisdiction may be considered even if not raised by a party. Williams v. Attleboro Mutual Fire Ins. Co., 31 Mass. App. Ct. 521, 523 (1991).

 The District Court may not consider parts of a case over which the District Court lacks subject matter jurisdiction. Fitzgerald v. Murray, 1992 Mass. App. Div. 161.