Lyons, J.
The defendant in this matter, Charles M. Badaoui (“Badaoui”), filed this appeal pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8B. Badaoui appeals the trial judge’s denial of his motion to dismiss the complaint brought against him by the plaintiff, Abraham-Copley Square Limited Partnership (“Abraham-Copley”), and the subsequent grant of summary judgment in favor of Abraham-Copley.
On February 23, 2006, Abraham-Copley filed its complaint against Badaoui. Abraham-Copley sought to confirm an arbitrator’s award for money damages that had previously been granted in its favor and against Badaoui. Abraham-Copley is a commercial landlord, and Badaoui was a tenant in Abraham-Copley’s building. Pursuant to the terms of the commercial lease, the parties had submitted to an arbitrator a dispute over damages to the leased premises. The arbitrator found in favor of Abraham-Copley and ordered Badaoui to pay $5,489.81 in damages to Abraham-Copley, along with an additional $400.00 for costs associated with the arbitration. When Badaoui failed to pay the award within the allotted thirty days, Abraham-Copley filed its complaint in order to recover the amount due.
Badaoui then filed a motion to dismiss Abraham-Copley’s complaint pursuant to Mass. R. Civ. P, Rule 12(b) (1) (lack of subject matter jurisdiction), Rule 12(b) (3) (improper venue) and Rule 12(b) (6) (failure to state a claim upon which relief can be granted). In reliance upon G.L.c. 251, §17, Badaoui asserted that an action to confirm an arbitration award must be brought in the Superior Court and, therefore, that the Boston Municipal Court was an improper venue for the matter. The trial judge denied Badaoui’s motion to dismiss.
Abraham-Copley then filed a motion for summary judgment. Badaoui did not dispute that the arbitrator’s award had been entered, nor did he assert that the arbitrator had committed any error. His sole argument was that the Boston Municipal Court was an improper venue for an action to confirm an arbitration award. The trial judge allowed Abraham-Copley’s motion for summary judgment and awarded damages in the amount of $13,442 plus interest and costs.[1] Badaoui then filed this appeal.
Chapter 251 of the General Laws is the Uniform Arbitration Act for Commercial Disputes (“UAA”). It is a uniform act that has been adopted by the Legislature as *84 part of the General Laws. On appeal, Badaoui relies on the language of G.L.c. 251, §17 to support his position that the Boston Municipal Court is not the proper forum to enforce the arbitration award entered in favor of Abraham-Copley.
Section 17 of the statute provides that “[a]n initial application [for an order related to an arbitration agreement] shall be made to the superior court for the county in which the agreement provides the arbitration hearing shall be held, or, if the hearing has been held, in the county in which it was held....” G.L.c. 251, §17. The first clause of section 17 deals with the question of venue when a party petitions the court regarding an issue under an arbitration agreement before an arbitration hearing has taken place. For example, if one party to an arbitration agreement refused to proceed to arbitration, the other party could compel the first party to proceed by applying to the Superior Court for an order to that effect. G.L.c. 251, §2 (a) (“A party aggrieved by the failure or refusal of another to proceed to arbitration under an [arbitration] agreement... may apply to the superior court for an order directing the parties to proceed to arbitration.”); see Smith v. Baley, 1996 Mass. App. Div. 153, 154 (district court lacks authority to act on a motion to compel arbitration where G.L.c. 251, §2 (a) explicitly states that the Superior Court has such authority).
Neither party to this action seeks to compel the other party to proceed to arbitration because the hearing has already taken place, which is the situation contemplated by the second clause of section 17. If the arbitration hearing has already been held, a party who petitions the court for a matter related to the hearing must do so in the “[superior court for] the county” where the hearing took place. G.L.c. 251, §17. This clause of the statute forms the crux of Badaoui’s argument that the Boston Municipal Court is an improper forum for the enforcement of the arbitration award sought by Abraham-Copley.
On the question of jurisdiction, the statute provides that the act of entering into an arbitration agreement in the Commonwealth “confers jurisdiction on the court to enforce the agreement ... and to enter judgment on an award thereunder.” G.L.c. 251, §16. The statute also states that “[t]he term ‘court’ [as used in other sections of the statute] means any court of competent jurisdiction of this state.” Id. The statute provides no other definition for court. In addition, under G.L.c. 251, §11, “[u]pon application of a party [to an arbitration hearing], the court shall confirm an [arbitration] award, unless... grounds are urged for vacating or modifying or correcting the award....”
Thus, when sections 16 and 11 are read in isolation from section 17, these sections confer jurisdiction on the Boston Municipal Court over actions to enforce awards of money damages from arbitration hearings. Neither section 16 nor section 11 makes reference to the Superior Court as having exclusive jurisdiction over such matters. Moreover, it is well established that the Boston Municipal Court has general jurisdiction over civil actions for the award of monetary damages. See G.L.c. 218, §19 (providing that the Boston Municipal Court has jurisdiction over civil actions for money damages).
When sections 11, 16 and 17 of chapter 251 are read in conjunction, however, the result is an anomalous and illogical one. These statutory provisions seem to provide that even though the Boston Municipal Court has jurisdiction over an action to enforce an arbitrator’s award of money damages, it is an improper venue for such an action. One interpretation is that the reference to “any court of competent jurisdiction of this state” in section 16 of chapter 251 is a reference to the Superior Court. Of course, the Legislature could easily have defined “court” in this manner in section 16, but it chose not to do so.
Another possible interpretation is to read the two clauses in section 17 separately. That is, it is entirely plausible that clause 1 of section 17 specifically refer *85 enees the Superior Court when setting forth the venue requirements because section 17 is tied to section 2(a), which also references the Superior Court as having jurisdiction over actions to compel arbitration. Thus, when sections 2(a) and 17 of chapter 251 are read in conjunction with each other, they provide that a party who seeks to compel another party to proceed to arbitration under an arbitration agreement must file the application in the Superior Court for the county set forth in the agreement.
.Clause 2 of section 17, on the other hand, which governs venue when “the hearing has been held,” states that any application shall be made “in the county in which [the arbitration hearing] was held.” When read separately from the requirement in Clause 1 of section 17 of filing in the Superior Court, clause 2 of section 17 simply provides for the proper venue of an action related to an arbitration agreement after the arbitration hearing has taken place. Section 16 of chapter 251 would then provide the jurisdictional requirements for such an action.
A review of the UAA as adopted by the legislatures of other states confirms that such confusion in the statutory scheme could have been avoided.[2] Those states that adopted the definition of “court” as “any court of competent jurisdiction of this state,” which is the definition in section 16 of chapter 251 of the General Laws, maintain the general term “court” in the section of the UAA that addresses venue.[3] Those states that define “court” to mean one of the particular courts of that state use the general term “court” or the specific court from the definition in the venue provision of the UAA.[4]
Some states choose not to define “court” at all. Rather, these states simply provide that a court with the appropriate subject matter and personal jurisdiction has the power to enforce an arbitration agreement. In the venue provisions, those states then use the general term “court” and avoid references to specific courts of that state.[5] States that fall into a fourth category also do not define “court” but refer to a specific court of that state throughout the UAA or confer jurisdiction on a specific court and use the general term “court” throughout the UAA.[6]
Each one of these different formulations of the UAA provides clarity on the issues of jurisdiction and venue. Any argument that one of the formulations should be *86 adopted in this Commonwealth is more appropriately made to the Legislature. See Household Retail Servs., Inc. v. Commissioner of Revenue, 448 Mass. 226, 233 (2007) (plea for statutory revisions should be addressed to the Legislature). The narrow issue before this Appellate Division is whether the Boston Municipal Court has the statutory authority under the UAA to confirm an arbitrator’s award of monetary damages and to enter a judgment for such award. Proper resolution of that issue requires us to interpret the statutory language that is currently in place. Thus, the essential question is whether the reference to the Superior Court in the venue provision of section 17 overrides the jurisdiction that the statute otherwise confers upon the Boston Municipal Court in section 16 as a “court of competent jurisdiction” with the authority “to enter judgment on an [arbitration] award.”
We note that Badaoui has not filed a motion to vacate the arbitration award, and he has not raised any issue related to correcting or modifying the award. The Boston Municipal Court would not have jurisdiction over such an action. See Karbowski v. Bradgate Assocs., Inc., 25 Mass. App. Ct. 526, 527-529 (1980) (District Court lacked jurisdiction to rule on defendant’s motion to vacate an arbitration award based on argument that arbitrator exceeded his authority). Nor does Badaoui contend that the arbitrator’s award is unenforceable under either the UAA or the arbitration agreement itself, which could raise a jurisdictional issue. See Stancioff v. Hertz, 10 Mass. App. Ct. 843, 843-844 (1980) (defendant contended that the arbitration award was unenforceable based on the timeliness of the award). Because the plaintiff applied to the Superior Court for confirmation of the award, the court did not have to address whether the District Court or the Boston Municipal Court had jurisdiction. Id. at 843. The only relief sought by Abraham-Copley is receipt of the payment from Badaoui in compliance with the arbitrator’s award.
Under Badaoui’s reading of the statute, the only “court of competent jurisdiction” on any matter related to an arbitration proceeding would be the Superior Court. Such an interpretation of the statute would render section 16 superfluous. It would also confer exclusive jurisdiction over such matters on the Superior Court based on a statutory provision that specifically addresses venue. Although section 17 of chapter 251 has been described as having “strong jurisdictional overtones” and as only “nominally concerned with venue,” see Karbowski v. Bradgate Assocs., Inc., supra at 528, the Legislature addressed jurisdiction in section 16 of chapter 251.
Moreover, the Legislature could have defined “court” to mean “Superior Court” in section 16 of chapter 251 or simply used the phrase “Superior Court” each time it referenced the court in the statute. The Legislature chose neither option. Rather, it used the phrase “Superior Court” in only selected provisions of chapter 251 and the general term “court” in the other provisions. For this reason we will not infer that the Legislature meant to refer to the Superior Court when it did not do so explicitly.
The plain language of the statute grants jurisdiction to “any court of competent jurisdiction of this state” to enter judgment on an arbitration award pursuant to an arbitration agreement. G.L.c. 251, §16. In addition, the statute provides that “the court shall confirm an [arbitration] award” when a party to the arbitration hearing applies for the confirmation, so long as no “grounds are urged for vacating or modifying or correcting the award.” G.L.c. 251, §11. There is no dispute that the Boston Municipal Court has jurisdiction over civil actions for money damages under G.L.c. 218, §19. For all of these reasons, we decline to adopt the interpretation of the statute urged by Badaoui, and we conclude that the Boston Municipal Court has jurisdiction to confirm the arbitration award granted to Abraham-Copley under chapter 251 of the General Laws.[7]
*87 Lastly, Abraham-Copley argues that it is entitled to attorney’s fees and costs for this appeal. The relevant provisions of the lease between Abraham-Copley and Badaoui support this contention.[8] Abraham-Copley is directed to file with the Clerk-Magistrate of the Central Division of the Boston Municipal Court a detailed submission regarding the attorney’s fees and costs attributable to presenting this matter to the Appellate Division. The submission may include affidavits, supporting documentation and legal arguments. Badaoui will be afforded a reasonable opportunity to respond to that submission.
Accordingly, we affirm the trial judge’s denial of Badaoui’s motion to dismiss Abraham-Copley’s complaint and the allowance of Abraham-Copley’s motion for summary judgment. Badaoui’s appeal is dismissed.
Appendix A
Alaska: UAA provides that “[a] court of this state having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate” and that “[a]n application to the court ... shall be made in the court of the judicial district in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the judicial district in which it was held.” Alaska Stat. §§09.43.530,09.43.540 (2006).
Arizona: UAA defines “court” as “the superior courts of the state of Arizona” and provides that “venue of the appropriate superior court shall be determined as in any other civil action.” Ariz. Rev. Stat. Ann. §12-1516 (2007).
Arkansas: UAA defines “court” as “any circuit court of this state,” confers jurisdiction on the court to enforce an arbitration agreement and provides that “[a]n initial application shall be made to the circuit court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Ark. Code Ann. §§16-108-217, 16-108-218 (2006).
Colorado: UAA provides that “[a] court having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate” and that an application to the court with respect to the arbitration agreement “shall be made in a court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in a court of the county in which it was held.” Colo. Rev. Stat. Ann. §§13-22-226(1), 13-22-227 (2007).
Delaware: UAA defines “Court” as “the Court of Chancery of this State, except where otherwise specifically provided,” confers jurisdiction on the Court to enforce an arbitration agreement and to enter judgment on an award under such agreement and provides that “[a]n initial complaint shall be made to the Court with the Register in Chancery in and for the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Del. Code Ann. tit. 10, §5702(a)-(b) (2007).
District of Columbia: UAA defines “court” as “the Superior Court of the District of Columbia” and provides that “an application to the Court under [the UAA] shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of Court for the making and hearing of motions.” D.C. Code §§16-4315, 16-4316 (2007).
Florida: UAA defines “court” as “any court of competent jurisdiction of this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an award under such agreement and provides that “[a]ny application under [the UAA] may be made to the court of the county in which the other *88 party to the agreement or provision for arbitration resides or has a place of business, or, if she or he has no residence or place of business in this state, then to the court of any county, [with the court that hears the initial application maintaining jurisdiction over subsequent applications under the UAA].” Fla. Stat. §§682.18(1), 682.19 (2007).
Hawaii: UAA defines “court” as “any district or circuit court of competent jurisdiction in this State,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a] motion [with respect to an arbitration agreement] shall be made in the court of the circuit in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the circuit in which it was held.”-Haw. Rev. Stat. Ann. §§658A-1, 658A-26(a)-(b) & 658A-27 (2006).
Idaho: UAA defines count as “any court of competent jurisdiction of this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n initial application shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Idaho Code Ann. §§7-917,7-918 (2007).
Illinois: UAA defines “court” as “any circuit court of this State,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n initial application shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Ill. Comp. Stat. Ann. c. 710, §§5/16, 5/17 (2007).
Indiana: UAA defines “court” as “any circuit or superior court,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n application [with respect to an arbitration agreement] shall be made to the court in the county where the adverse party resides or has a place of business or, if the adverse party has no residence or place of business in this state, to the court of any county.” Ind. Code Ann. §§34-57-2-17, 34-57-2-18 (2007).
Iowa: UAA provides that “an application to the district court under [the UAA] shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of civil procedure, for the making and hearing of motions” and that “[a]n initial application [with respect to an arbitration agreement] shall be made to the district court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Iowa Code Ann. §§679A.15, 679A.16 (2007).
Kansas: UAA defines “court” or “court of competent jurisdiction” as “district court,” confers jurisdiction on the district court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held, or, if the hearing has been held, in the county in which it was held.” Kan. Stat. Ann. §§5-416, 5-417 (2006).
Kentucky: UAA defines “court” as “any court of competent jurisdiction of this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award thereunder and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held, or, if the hearing has been held, in the county in which it was held.” Ky. Rev. Stat. Ann. §§417.200,417.210 (2006).
Maine: UAA defines “court’ as “the Superior Court of this State,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbi *89 tration award and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the Superior Court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Me. Rev. Stat. Ann. tit 14, §§5943,5944 (2006).
Maryland: UAA defines “court” as a “court of equity,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n initial petition [with respect to an arbitration agreement] shall be filed with the court in the county (1) As provided by the agreement; or (2) Where the arbitration hearing was held.” Md. Cts. & Jud. Proc. §§3-201 (b), 3-202 & 3-203 (a) (2007).
Michigan: UAA provides that “the circuit courts have jurisdiction to enforce [an arbitration] agreement and to render judgment on an [arbitration] award,” and that “[a] 11 proceedings in court [with respect to an arbitration agreement] shall be had in the circuit court of the county provided in the agreement, [or, if none is specified,] (1) in the circuit court of the county where the adverse party resides or has a place of business, or (2) if he has no residence or place of business in this state, in the circuit court of the county where the applicant resides or has a place of business.” Mich. Comp. Laws Ann. §§600.5025, 600.5031(l)-(2) (2007).
Minnesota: UAA defines “court’ as “any court of competent jurisdiction of this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held, or, if the hearing has been held, in the county in which it was held.” Minn. Stat Ann. §§572.24,572.25 (2007).
Missouri: UAA defines “court” as “any court of competent jurisdiction of this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award and provides that “[a]n initial application shall be made to the circuit court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Mo. Rev. Stat. Ann. §§435.430,435.435 (2006).
Montana: UAA provides that the “making of an [arbitration] agreement... confers jurisdiction on the district court to enforce the agreement... and to enter judgment on an award under the agreement” and that “[a]n initial application [with respect to an arbitration agreement] must be made to the court of the county in which the agreement provides the arbitration hearing must be held or, if the hearing has been held, in the county in which it was held.” Mont. Code Ann. §§27-5-322,27-5-323 (2005).
Nebraska: UAA defines “court” as “any district court of this state,” confers jurisdiction on the court to enforce an arbitration agreement under the UAA and to enter judgment on an arbitration award and provides that “[a]n initial application shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Neb. Rev. Stat. Ann. §§25-2618(a), 25-2619 (2006).
Nevada: UAA defines “court” as “the district court,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that a “motion [with respect to an arbitration agreement] must be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” Nev. Rev. Stat. Ann. §§38.211,38.244,38.246 (2006).
New Jersey: UAA defines “court” as the “Superior Court of New Jersey,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that “[a] summary action pursuant to [the UAA] shall be commenced in the court of the county that would have *90 venue if the matter were subject to Superior Court rules in civil actions, or to a court in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” N J. Stat Ann. §§2A23B-1,2A23B-26(a)-(b) &2A23B-27 (2007).
New Mexico: UAA defines “court” as “a court of competent jurisdiction in this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that “[a] motion pursuant to [the UAA] must be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” N.M. Stat. Ann. §§44r7A-l(3), 44r7A-27 & 44r7A-28 (2007).
North Carolina: UAA defines “court” as “a court of competent jurisdiction in this State,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that “[a] motion pursuant to [the UAA] shall be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” N.C. Gen. Stat. Ann. §§1-569.1(3), 1-569.26 & 1-569.27 (2007).
North Dakota: UAA defines “court” as “the district court,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that “[a] motion pursuant to [the UAA] must be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” N.D. Cent. Code §§32-29.3-01 (3), 32-29.3-26 & 32-29.3-27 (2005).
Oklahoma: UAA defines “court” as “any court of competent jurisdiction in this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that “[a]n application and motion pursuant to [the UAA] must be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” Okla. Stat. tit. 12, §§1852, 1877 & 1878 (2007).
Oregon: UAA defines “court” as “a circuit court,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an arbitration award under the agreement and provides that “[a] petition pursuant to [the UAA] must be made in the court for the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court for the county in which it was held.” Or. Rev. Stat. Ann. §§36.600(3), 36.720 & 36.725 (2005).
Pennsylvania: UAA defines “court” as “any court of competent jurisdiction of this Commonwealth,” confers jurisdiction on the courts of the Commonwealth to enforce an arbitration agreement and to enter judgment on an award under the agreement and provides that “[a]n initial application to a court under [the UAA] shall be made to the court of the county in which the agreement prescribes that the arbitration hearing shall be held or, if the hearing has been held, in the county in which the hearing was held.” Pa. Consol. Stat. Ann. tit. 42, §§7318, 7319(1) (2006).
South Carolina: UAA defines “court” as “any court of competent jurisdiction of this State,” confers jurisdiction on the courts of the State to enforce an arbitration agreement and to enter judgment on an award under the agreement and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” S.C. Code Ann. §§15-48-180, 15-48-190 (2006).
South Dakota: UAA defines “court” as “a circuit court of this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judg *91 ment on an award under the agreement and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” S.D. Codified Laws §§21-25A-4,21-25A-34 (2006).
Tennessee: UAA defines “court” as “any court of competent jurisdiction of the state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an award under the agreement and provides that “[a]n initial application [with respect to an arbitration agreement] shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” Tenn. Code Ann. §§29-5-301 (b), 29-5-302 (b) & 29-5-318 (2006).
Texas: UAA confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an award under the agreement, and it provides that the initial application with respect to an arbitration agreement must be filed with the court clerk of the county in which the agreement provides the arbitration hearing is to be held or, if the hearing has been held, with the court clerk of the county in which the hearing was held. Tex. Civ. Prac. & Rem. Code Ann. §§171.081, 171.096(b)-(c) (2007).
Utah: UAA defines “court” as “a court of competent jurisdiction in this state,” confers jurisdiction on the court to enforce an arbitration agreement and to enter judgment on an award under the agreement and provides that “[a] motion pursuant to [the UAA] must be made in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” Utah Code Ann. §§78-3la-102 (3), 78-3la-127 & 78-31a-128 (2006).
Vermont: UAA defines “court” as “the superior court,” confers jurisdiction on the superior court to enter any one of several enumerated orders in relation to an arbitration agreement and provides that “[a]n initial application to the superior court may be made in any county in which the agreement provides that arbitration hearings shall be held, or if a hearing has been held by arbitrators, in the county in which it was held.” Vt. Stat. Ann. tit. 12, §§5671, 5672(a) (2005).
Virginia: UAA defines “court” as “a court of this Commonwealth having jurisdiction over the subject matter of the controversy” and provides that “an initial application shall be made to the court of the county or city in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county or city in which it was held.” Va. Code Ann. §§8.01-581.014,8.01-581.015 (2007).
Washington: UAA defines “court” as “a court of competent jurisdiction in this state,” confers jurisdiction on the court to enforce ah arbitration agreement and to enter judgment on an award under the agreement and provides that “[a] motion under [the UAA] must be filed in the court of the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.” Wash. Rev. Code Ann. §§7.04A.010(4), 7.04A.260 & 7.04A.260 (2007).
Wyoming: UAA defines “court” as “the district court having jurisdiction of the parties,” confers jurisdiction on “the court in the county where the parties to the controversy reside or may be personally served” to enforce an arbitration agreement and provides that “[a]n initial application shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held.” Wyo. Stat. Ann. §§1-36-102,1-36-118 (2006).

 Abraham-Copley sought the amount of the arbitrator’s award and an additional $7,552.97 as attorney’s fees for a total amount of $13,442.78. Thus, the trial judge’s award included attorney’s fees.

 See Appendix A.

 See the UAA as adopted in Florida, Idaho, Kentucky, Minnesota, New Mexico, North Carolina, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Virginia and Washington, all as set forth in the attached Appendix A.
The only exception to this formulation is in Missouri’s adaptation of the UAA, which is similar to that of Massachusetts. Missouri defines “court” as “any court of competent jurisdiction of this state” and uses the general term “court” in the jurisdictional section of the statute, but the statute then refers to the “circuit court” in its venue provision. See the UAA as adopted in Missouri in the attached Appendix A. Missouri, however, is divided into numbered judicial circuits, and the term “circuit court” is a reference to any division of the circuit court of Missouri. See Mo. Rev. Stat. Ann. §§478.073,478.012 (2006). Thus, the terminology used in Missouri’s adaptation of the UAA causes significantly less confusion than the terminology in the Massachusetts statute.

 See the UAA as adopted in Arizona, Arkansas, Delaware, District of Columbia, Hawaii, Illinois, Indiana, Kansas, Maine, Maryland, Nebraska, Nevada, New Jersey, North Dakota, Oregon, South Dakota, Vermont and Wyoming in the attached Appendix A

 See the UAA as adopted in Alaska, Colorado and Texas in the attached Appendix A

 See the UAA as adopted in Iowa, Michigan and Montana in the attached Appendix A.

 Badaoui does not dispute that a court located in Suffolk County is a proper venue.

 As we stated in note 1, supra, the trial judge’s damages award of $13,442 included Abraham-Copley’s attorney’s fees for services rendered up to and including the motion for summary judgment.