RICHARD KARBOWSKI & another [1] vs. BRADGATE ASSOCIATES,
INC. & another. [2]

No. 87-409.

Worcester.   December 14, 1987. — March 24, 1988.

Present: GRANT, KASS, & SMITH, JJ.

*District Court*, Jurisdiction. *Jurisdiction*, Arbitration, District Court. *Arbitration*, Judicial review, Vacating award.

A District Court lacked jurisdiction to rule on a motion to vacate an arbitrator's award. [527-529]

CIVIL ACTION commenced in the Worcester Division of the District Court Department on June 13, 1985.

A motion to vacate an arbitrator's award was heard by *Thomas F. Sullivan, Jr., J.*

*Paul G. Kolesnikovas* for Bradgate Associates, Inc. & another.

*Joseph F. Brennan, Jr.,* for Richard Karbowski & another.

SMITH, J. The plaintiffs entered into an agreement with the defendant, Grovecrest Corporation (Grovecrest), to purchase for a price of $66,000 a house to be constructed on a certain lot in Worcester. The agreement contained a warranty provision and an arbitration clause.

After Grovecrest transferred ownership to the plaintiffs, a dispute arose as to the construction of the house, in particular, certain alleged defects in the foundation. The plaintiffs filed a complaint in the Worcester Division of the District Court Department seeking damages from Grovecrest and Bradgate Associates, Inc. (Bradgate was apparently the contractor). During the pendency of the case, the matter was referred to binding

---

[1] Patricia Karbowski.

[2] Grovecrest Corporation.

arbitration. The arbitrator found for the plaintiffs against both defendants in the amount of $18,000.

The defendants filed a motion in the District Court to vacate the arbitrator's award. The basis for their motion was that the arbitrator had exceeded his authority by awarding punitive or multiple damages under G. L. c. 93A. There was, the defendants argued, no evidence to justify the c. 93A award. A District Court judge denied the defendants' motion to vacate the award. The defendants then appealed the matter to the Appellate Division of the District Court. By decision dated February 13, 1987, the Appellate Division dismissed the report, concluding that the measure of damages was an issue of fact for the arbitrator and final (even if grossly erroneous), and, as there was no allegation of fraud or any indication on the record that the arbitrator had exceeded his authority, that no error was shown. The defendants appealed from that decision to this court.

In its decision, the Appellate Division, sua sponte, raised the issue whether the District Court had jurisdiction to act on a motion to vacate an arbitration award. It expressed doubt that there was jurisdiction but stated that because no party had raised or briefed the issue, it would proceed to decide the merits.

On appeal, neither party has raised the question of lack of jurisdiction over the subject matter. However, "[i]t is our duty to note and decide a jurisdictional question, 'regardless of the point at which it is first raised,' and whether any party has raised it." *Flynn* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 668, 670 (1984), quoting in part from *Litton Business Syss.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981). See Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974). See also *Perry* v. *Stanfield*, 278 Mass. 563, 569 (1932); *Henry L. Sawyer Co.* v. *Boyajian*, 303 Mass. 311, 314 (1939), *S.C.*, 315 Mass. 757 (1943) (jurisdiction of Appellate Division); *Mark* v. *Kahn*, 333 Mass. 517, 519 (1956); *MacDonald* v. *Carr*, 355 Mass. 120, 122 (1969); *Bushnell* v. *Bushnell*, 393 Mass. 462, 465-466 (1984) (issue of jurisdiction of District Court properly before Appellate Division).

Whether the District Court has jurisdiction to vacate an arbitrator's award appears to be a matter of first impression in the Commonwealth.[3] The arbitration of commercial disputes is governed by the provisions of G. L. c. 251, §§ 1-19.[4] Section 12 establishes, among other things, "the right and limitations on vacating . . . an arbitration award." *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985). Section 12(*a*), as appearing in St. 1960, c. 374, § 1, provides that, "[u]pon application of a party, the *court* shall vacate an award if . . ." (emphasis supplied). Section 16, also as appearing in St. 1960, c. 374, § 1, defines "court" as "any court of competent jurisdiction of this state."[5] There is nothing in G. L. c. 251 that further defines the meaning of the word "court."[6] However, § 17, as appearing in St. 1960, c. 374, § 1, specifically refers to the Superior Court as the forum where "[a]n initial application [to vacate] shall be made[.]" Although that statute is nominally concerned with venue, it has strong jurisdictional overtones.[7] We conclude

---

[3] In *Lawrence* v. *Falzarano*, 7 Mass. App. Ct. 591, 592-593 n.2 (1979), *S.C.*, 380 Mass. 18 (1980), the court stated that proceedings in that case in the Probate Court to stay arbitration proceedings under G. L. c. 251, § 2(*b*), were a nullity as "[t]he Probate Court was without jurisdiction to entertain such proceedings, jurisdiction over them being limited to the Superior Court. G. L. c. 251, § 2(*b*) (as appearing in St. 1960, c. 374, § 1)." The Supreme Judicial Court noted that the parties agreed that the Probate Court was an improper forum, citing to § 2(*b*). See 380 Mass. at 20 n.6. The instant case, however, does not involve a motion to stay arbitration proceedings.

[4] General Laws c. 251 is modeled after the Uniform Arbitration Act, with some variations. As of 1987, some thirty States and the District of Columbia had adopted the Act.

[5] Maine, which adopted the Uniform Arbitration Act, substituted the words "the Superior Court of this State" for "any court of competent jurisdiction." See 14 Me. Rev. Stat. Ann. tit. 14, § 5943 (1980).

[6] We note, as did the Appellate Division, that G. L. c. 218, § 19, which is concerned with the civil jurisdiction of the District Court Department, gives no specific authority to that Department to rule on a motion to vacate an arbitration award.

[7] General Laws c. 251, § 17, provides:

"An initial application shall be made to the superior court for the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held. Otherwise the

that the District Court lacked jurisdiction to rule on the defendants' motion to vacate the arbitrator's award.

The ruling of the District Court denying the defendants' motion to vacate the arbitrator's award is annulled, and a new order is to be entered in that court dismissing that motion for lack of jurisdiction in that court to grant the relief requested.

*So ordered.*

application shall be made in the county where the adverse party resides or has a place of business or, if he has no residence or place of business in this state, to the superior court for any county. All subsequent applications shall be made to the court hearing the initial application unless the court otherwise directs."