JOSEPH H. CIAMPA *vs.* CHUBB GROUP OF INSURANCE COMPANIES. No. 87-766. July 26, 1988. *Arbitration,* Correcting error in award. *Statute,* Construction.

Accepting as generally valid the functus officio principle relied on by the defendant (Chubb) — i.e., the principle that an arbitrator is without power to modify his final award except where the controlling statute or the parties authorize modification, see *La Vale Plaza, Inc.* v. *R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir. 1967) — we nevertheless hold that the modification effected by the arbitrator in this case fell within the statutory authorization. The original award, issued on October 21, 1986, stated that "[t]he present value of the amount of $138,750.00 [the loss of earnings found by the arbitrator at the rate of $150 per week for 925 weeks] using the current legal rate of interest of 12% is $18,837.00 and accordingly Ciampa has been damaged in that amount." The Uniform Arbitration Act, G. L. c. 251, § 13(*a*)(1), as amended by St. 1972, c. 200, § 2, authorizes the court to "modify or correct the award if . . . there was an evident miscalculation of figures . . ." on an application filed, as Ciampa's was, within thirty days. *Quirk* v. *Data Terminal Syss., Inc.*, 394 Mass. 334, 338-339 (1985). It is "evident", within the meaning of § 13(*a*)(1), that the sum of $18,837, invested at twelve percent per annum, will not support a weekly payment of $150 per week for 925 weeks.

Here the court did not itself correct the mistake but suggested to the parties that they first seek reconsideration by the arbitrator. Section 9 of G. L. c. 251 authorizes a direct submission from the court to the arbitrator for a modification or correction of the type described in § 13 (*a*)(1). While a direct, formal submission might have been preferable, the informal procedure followed here did not jeopardize the substantial rights of Chubb (which participated in the resubmission, at least initially', by sending its

own documentation to the arbitrator). The fact that Ciampa had previously (and unsuccessfully) sought reconsideration by the arbitrator on an application filed under § 9 did not limit the court's authority to effect a similar resubmission. The twenty-day time limit specified in § 9 applies only to applications of parties for correction or modification, not to resubmission ordered by a court.

Without determining the outer limits that may control the new evidence that may be considered by an arbitrator on a resubmission under § 9, we hold that Ciampa did not overstep bounds in furnishing the arbitrator with a printout prepared by a financial publishing company computing (or shedding light on) the amount of a direct reduction loan at twelve percent interest that could be supported by a weekly payment of $150 per week for 925 weeks. Chubb had ample opportunity to contest the relevance of the printout or to present alternative computations based on the determinants found by the arbitrator. On appeal it is the procedure, not the relevance of the printout, that is contested.

The record does not indicate that other contentions argued or touched on in Chubb's brief and reply brief were raised below. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977); *Lexington* v. *Bedford*, 378 Mass. 562, 568 (1979).

*Judgment affirmed.*

*James S. Franchek (Isaac H. Peres* with him) for the defendant.
*William P. Franzese* for the plaintiff.