Doerfer, J.
This is an action to compel arbitration. Defendants, Carlos Moreno, individually, and as parent and next friend of Christina Moreno (collectively, “the Morenos”), move to strike plaintiff Thomas Connolly’s (“Connolly”) complaint pursuant to Mass.R.Civ.P. 12(b)(9). The Morenos also move for sanctions and costs pursuant to Mass.R.Civ.P. 11. Connolly opposes the Morenos’ motions. He seeks a default judgment against the Morenos as well as sanctions and costs. For the foregoing reasons, the Morenos’ motion is DENIED and Connolly’s motion is DENIED.
BACKGROUND
The following facts are taken from the pleadings. The Morenos sued Connolly in Norfolk Superior Court for injuries sustained in an August 24, 1994 auto accident. The case was remanded to Wrentham District Court pursuant to G.L.c. 231, §102C. At some point, the parties agreed to arbitrate the dispute. Counsel for both parties signed the agreement to arbitrate. The Morenos later decided not to arbitrate the dispute. Connolly filed a motion in Wrentham District Court to compel arbitration. After a hearing on August 19, 1997, the District Court (St. Cyr, J.) denied the motion without comment. On February 19, 1998, Connolly filed a complaint to compel arbitration in Norfolk Superior Court.
DISCUSSION
The Morenos’ motion is entitled “Motion To Strike Complaint,” but the court treats it as a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(9). The More-nos contend that Connolly’s complaint should be dismissed because Mass.R.Civ.P. 12(b)(9) mandates that if an action is pending in another Massachusetts court which is factually indistinguishable from a later-filed action, the latter must be dismissed. As additional grounds for dismissal, the Morenos maintain Connolly’s complaint violates principles of res judicata, issue preclusion, and collateral estoppel.
Connolly counters that the Wrentham District Court lacked subject matter jurisdiction over the initial motion to compel arbitration and that its ruling on that motion is therefore a nullity. Connolly cites to the arbitration statute, G.L.c. 251, §§2, 16, and 17.
The statute and case law could not be clearer. The Superior Court has exclusive subject matter jurisdiction over actions relating to the enforcement of arbitration agreements. Smith v. Baley 1996 WL 520903 (Mass.App.Div.); Karbowski v. Bradgate Associates, Inc., 25 Mass.App.Ct. 526, 528-29 (1988). Accordingly, the decision of the District Court judge denying Connolly’s motion to compel arbitration was indeed a nullify and has no preclusive effect. See Lawrence v. Falzarano, 7 Mass.App.Ct. 591, 592-93 n.2 (1979) (rev’d on other grounds) (decision of probate court judge denying motion for injunction to stay arbitration a “nullify").
In light of the above analysis, the court denies the Morenos’ motion for sanctions and costs as moot. Connolly’s motion for default judgment is similarly moot; the Morenos’ motion was a timely filed responsive pleading pursuant to Mass.R.Civ.P. 12. Accordingly, the court also denies Connolly’s motion for sanctions and costs.
ORDER
For the reasons stated above, it is hereby ORDERED that Defendants’ Motion to Strike Complaint, and to Assess Sanctions and Costs, be DENIED.
It if further ORDERED that Plaintiffs Motion for Default Judgment be DENIED.