ABRAHAM-COPLEY SQUARE LIMITED PARTNERSHIP *vs.*
CHARLES M. BADAOUI.

No. 07-P-1278.

Suffolk. April 14, 2008. - August 8, 2008.

Present: CYPHER, GREEN, & SIKORA, JJ.

*Boston Municipal Court. Superior Court,* Jurisdiction. *Jurisdiction,* Arbitration, Superior Court. *Practice, Civil,* Venue. *Arbitration,* Judicial review.

Jurisdiction properly lay in the Boston Municipal Court for an action seeking confirmation of an arbitrator's award and entry of judgment under G. L. c. 251. [340-343]

CIVIL ACTION commenced in the Boston Municipal Court Department on February 23, 2006.

A motion to dismiss was heard by *Michael J. Coyne,* J., and the case was heard by *Patricia E. Bernstein,* J., on a motion for summary judgment.

*Michael Magerer* for the defendant.

*Charles P. Kindregan* for the plaintiff.

CYPHER, J. This case presents a question whether jurisdiction properly lay in the Boston Municipal Court or the Superior Court for the confirmation of an arbitrator's award and entry of judgment under G. L. c. 251.

*Background.* A commercial landlord, Abraham-Copley Square Limited Partnership (Abraham-Copley), leased premises in the city of Boston to Charles M. Badaoui. In the course of vacating the premises beyond a holdover date in 2005, Badaoui caused Abraham-Copley to suffer certain damages. Pursuant to terms of the lease agreement, Abraham-Copley's claims were arbitrated, resulting in an award of $5,489.81 and costs of $400 in January, 2006.

Abraham-Copley filed a complaint in the Boston Municipal

Court (BMC) on February 23, 2006, claiming that Badaoui failed to pay the award within thirty days as ordered by the arbitrator, and seeking confirmation of the arbitrator's award and entry of judgment, as well as costs and attorney's fees. On June 14, 2006, following the removal of a default, Badaoui moved to dismiss the complaint, principally on grounds of lack of jurisdiction and improper venue. That motion was denied without comment. On August 11, 2006, Abraham-Copley filed a motion for summary judgment, which was unopposed. The motion was allowed, and a monetary judgment entered for Abraham-Copley in the amount of $13,913.12, plus costs in the amount of $242.40.

Badaoui filed an appeal to the Appellate Division of the BMC. In a lengthy decision on June 6, 2007, the Appellate Division affirmed the denial of Badaoui's motion to dismiss, affirmed the allowance of summary judgment for Abraham-Copley, and dismissed Badaoui's appeal. This appeal followed.

Badaoui asserts that the BMC lacked authority to consider Abraham-Copley's complaint to confirm the arbitrator's award, and that such a complaint must be filed in the Superior Court.

*Discussion.* The parties' lease agreement contained an arbitration provision requiring that disputes be submitted to an arbitrator selected by the American Arbitration Association of Boston, "whose decision shall be final and binding, in accordance with the Uniform Arbitration Act, [G. L. c.] 251, §§ 1-19, as amended." "The purpose of G. L. c. 251 governing arbitration is to provide further speedy resolution of disputes by a method which is 'not subject to delay and obstruction in the courts.' " *Lawrence v. Falzarano*, 380 Mass. 18, 28 (1980), quoting from *Quirk v. Data Terminal Sys., Inc.*, 379 Mass. 762, 767 (1980).

The several provisions in G. L. c. 251 specify circumstances where a party may seek the assistance and intervention of the courts in submitting an issue to arbitration; in conducting and completing the arbitration process; or in confirming an award and entering judgment. In this case, no such assistance of the courts in initiating or completing the arbitration process was sought or required. The parties did not dispute any of the circumstances in submitting Abraham-Copley's claims to arbitration in accordance with the provision in their lease agreement. Badaoui raised no question concerning the arbitrator's authority or the venue of the

arbitration, before or during arbitration. Abraham-Copley then sought confirmation of the award under G. L. c. 251, § 11,[1] and entry of judgment pursuant to G. L. c. 251, § 14,[2] invoking the court's jurisdiction pursuant to G. L. c. 251, § 16, inserted by St. 1960, c. 374, § 1.[3]

In this appeal, Badaoui expands on his assertion that the venue provision, G. L. c. 251, § 17, supports his view that the BMC was without jurisdiction to consider a complaint for confirmation of an arbitrator's award.

Section 17 concerns venue of an "initial application,"[4] and refers to the Superior Court in two clauses.[5] Other than in § 17,

---

[1]Section 11 of G. L. c. 251, inserted by St. 1960, c. 374, § 1, states: "Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections twelve and thirteen."

[2]Section 14 of G. L. c. 251, inserted by St. 1960, c. 374, § 1, states: "Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements in connection therewith may be awarded by the court."

[3]Section 16 provides: "The term 'court' means any court of competent jurisdiction of this state. The making of an agreement described in section one providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereunder."

[4]General Laws c. 251 does not define "initial application," and that term only appears in § 15, inserted by St. 1960, c. 374, which states:

"Except as otherwise provided, an application to the court under this chapter shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of an original writ of summons."

Badaoui did not raise any issue with respect to notice in the BMC proceedings.

[5]Section 17 of G. L. c. 251, inserted by St. 1960, c. 374, § 1, states in relevant part: "An initial application shall be made to the superior court for the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held. Otherwise the application shall be made in the county where the adverse party resides or has a place of business . . . . All subsequent applications shall be made to the court hearing the initial application unless the court otherwise directs."

the Superior Court is referred to only in §§ 2 and 2A of G. L. c. 251. Those sections permit an aggrieved party to seek an order directing the parties to proceed to arbitration or to stay arbitration where there is no agreement to arbitrate. We think the Legislature, in these specific references, intended to limit jurisdiction of these particular actions exclusively to the Superior Court.[6] Accordingly, it was necessary for the Legislature to define proper venue in § 17 for those actions in which arbitration is sought pursuant to §§ 2 and 2A. In all other provisions of c. 251, the definition of court in § 16 as "any court of competent jurisdiction of this state," although tautological, permits a case-by-case determination of jurisdiction.

We reject Badaoui's attempt to read § 17 as limiting jurisdiction of actions to confirm an award to the Superior Court. Such an interpretation effectively would make the wording of § 16 surplusage, an interpretation we must avoid in order to harmonize and give meaning to each of the parts of G. L. c. 251. Cf. *Meunier's Case*, 319 Mass. 421, 423 (1946).

Finally, Badaoui's reliance on *Karbowski* v. *Bradgate Assocs., Inc.*, 25 Mass. App. Ct. 526, 528 (1988), is misplaced. He attempts to bootstrap the conclusion in that case that a District Court was without jurisdiction to rule on the defendant's motion to vacate an arbitrator's award for the plaintiffs, into a proposition that the BMC has no jurisdiction to rule on a motion to confirm an arbitrator's award. The *Karbowski* decision, involving a motion to vacate, has no application in this case. General Laws c. 251, § 11 (see note 1, *supra*) provides that where, as here, there are no grounds for vacating or modifying the award, "the court shall confirm an award."

In the circumstances of this case, where Abraham-Copley sought a money judgment, we conclude that the BMC had jurisdiction under G. L. c. 218, §§ 19 and 54.[7] Compare *Ravni-*

---

[6]We conclude that in adopting the provisions of the Uniform Arbitration Act (see G. L. c. 251, inserted by St. 1960, c. 374, § 1), the Legislature intended to limit jurisdiction to the Superior Court in only §§ 2 and 2A, and otherwise retained the wording, "any court of competent jurisdiction," which appears throughout the Uniform Act. See generally Uniform Arbitration Act (1956 Act), 7 U.L.A. (Master ed. 2005).

[7]General Laws c. 218, § 19, governs the civil jurisdiction of the District

*kar* v. *Bogojavlensky*, 438 Mass. 627, 632 (2003). The BMC properly confirmed the award and entered judgment.

For these reasons, Badaoui's motion to dismiss Abraham-Copley's complaint properly was denied, and summary judgment properly was allowed for Abraham-Copley. We affirm the decision and order of the Appellate Division. Abraham-Copley has requested an award of attorney's fees and costs in connection with this appeal pursuant to the provisions of the lease agreement. Within fourteen days of the date of rescript, Abraham-Copley may submit to this court a petition for fees and costs, together with any appropriate supporting materials, as described in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). Badaoui shall have fourteen days thereafter to respond.

*So ordered.*

Courts, and § 54 governs the BMC in particular.