Garsh, E. Susan, J.
The defendants, John and Caterina O’Connor, move to dismiss the complaint seeking to vacate an arbitrator’s award on the basis that it was not timely filed. The defendants also seek an award of counsel fees and costs in enforcing the parties’ arbitration agreement. For the reasons stated below, the defendants’ motion to dismiss the complaint is ALLOWED, and their motion for an award of counsel fees and costs is DENIED.
BACKGROUND
The underlying case involves a dispute over performance of a contract for the installation and finishing of a modular home by Heritage Construction and Development, Inc. (“Heritage”), the plaintiff. Heritage filed suit in the Worcester District Court against John and Caterina O’Connor (the “O’Connors”). The case was transferred to the Dedham District Court, and the O’Connors filed counterclaims. Both parties then entered into an arbitration agreement (the “Arbitration Agreement”) in which they agreed to submit their disputes to binding arbitration.
The arbitrator found for the O’Connors and awarded them $37,046 in damages on February 5, 2008. His decision was e-mailed to the parties the same day and also sent to them by regular mail. Heritage contends that the arbitrator’s decision was inconsistent with the Arbitration Agreement and that he exceeded the scope of his authority. On February 12, 2008, Heritage asked the arbitrator to amend and/or supplement his findings of fact. On February 15, 2008, Heritage filed a Motion for Vacatur in the Dedham District Court. On February 19, 2008, the arbitrator declined to amend and/or supplement his findings and award. He e-mailed that ruling to the parties at 5:10 p.m. on February 19th and also sent it by regular mail.
On March 18, 2008, the defendants asked that Heritage’s motion to vacate be struck on the grounds that the District Court lacked jurisdiction. The plaintiff filed an application to vacate with this court on March 21, 2008.
DISCUSSION
Defendants’ Motion to Dismiss Complaint
The defendants argue that the complaint, which seeks to vacate the arbitration award, is untimely. Massachusetts General Laws c. 251, § 12(b) requires that an application to vacate an arbitration award “be made within thirty days after delivery of a copy of the award to the applicant ...” Despite the undisputed fact that Heritage filed its application to vacate with this court more than thirty days after receipt of the arbitration award, Heritage contends that it met the statutory requirement and that, in any event, this court can and should excuse any late filing.
Jurisdiction of the District Court over Plaintiffs Motion to Vacate
Most of the provisions of chapter 251 refer simply to the “court” as the actor on the matters set forth in those provisions. See G.L.c. 251, §§3, 5, 8, 9, 11-15. By contrast, sections 2 and 2A, which authorize proceedings to compel or stay arbitration and actions to consolidate or sever arbitrations, explicitly require that such applications be filed in the Superior Court. G.L.c. 251, §§2-2A.
*2 Section 16 defines “court” to mean “any court of competent jurisdiction of this state” and further states that “[t]he making of an agreement described in section one providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this chapter and to enter judgment on an award thereunder." G.L.c. 251, §16. The first sentence of the venue provision addresses the filing of the “initial application”; it provides that “[a]n initial application shall be made to the superior court for the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held.” G.L.c. 251, § 17. The next sentence of section 17 refers to the Superior Court only in connection with applications other than the “initial application” where the adverse party has no residence or place of business in this state. It provides that “[o]therwise, the application shall be made in the county where the adverse party resides or has a place of business or, if he has no residence or place of business in this state, to the superior court for any county.” Id. The final sentence of the venue provision simply refers to the “court”; it provides that “[a]ll subsequent applications shall be made to the court hearing the initial application unless the court otherwise directs.” Id.
Faced with the very same question presented here, namely whether the District Court has jurisdiction to vacate an arbitrator’s award pursuant to G.L.c. 251, §12, the Appeals Court in Karbowski v. Bradgate Associates, Inc., 25 Mass.App.Ct. 526, 528-29 (1988), answered no. That case discussed whether the Worcester District Court had jurisdiction to vacate an arbitration award resolving a dispute first filed in that court. The Appeals Court quoted the language in section 12(a) to the effect that “[u]pon application of a party, the court shall vacate an award if...” (emphasis in original), and it quoted the definition of “court” in section 16, which does not purport to limit the term to the Superior Court. Id. at 528. The Appeals Court observed, however, that nothing in chapter 251 “further defines the meaning of the word ‘court.’ ” The Appeals Court noted that G.L.c. 218, §19, which sets out the civil jurisdiction of the District Court Department, gives no specific authority to that Department to rule on a motion to vacate an arbitration award. Id. at 528, n.6. The Appeals Court in Karbowski also quoted from the first sentence of section 17 referring to the Superior Court “as the forum where ‘[a]n initial application [to vacate] shall be made’ ” (bracket in original) and expressed the view that, although section 17 “is nominally concerned with venue, it has strong jurisdictional overtones.” Id. at 528. Therefore, the Appeals Court held that the District Court “lacked jurisdiction to rule on the [ ] motion to vacate the arbitrator’s award.” Id. at 528-29.
Had the Appeals Court not recently revisited chapter 251 in Abraham-Copley Square Limited Partnership v. Badaoui, 72 Mass.App.Ct. 339 (2008), it would be clear that, under Karbowski, Heritage’s motion to vacate filed in the Dedham District Court was a nullity.[2] Abraham-Copley dealt with whether the Boston Municipal Court had authority to confirm an arbitrator’s award pursuant to section 11. 72 Mass.App.Ct. at 340. In Abraham-Copley, as in the instant case, no assistance of a court was sought in initiating or completing the arbitration process. Id. at 340-41.
The reasoning, albeit not the holding, of Abraham-Copley appears to undermine the continuing validity of Karbowski The Appeals Court in Abraham-Copley reexamined section 17 as follows:
Section 17 concerns venue of an “initial application,” and refers to the Superior Court in two clauses. Other than in §17, the Superior Court is referred to only in §§2 and 2A of G.L.c. 251. Those sections permit an aggrieved party to seek an order directing the parties to proceed to arbitration or to stay arbitration where there is no agreement to arbitrate. We think the Legislature, in these specific references, intended to limit jurisdiction of these particular actions exclusively to the Superior Court. Accordingly, it was nec-essaiy for the legislature to define proper venue in § 17 for those actions in which arbitration is sought pursuant to §§2 and 2A. In all other provisions of c. 251, the definition of court in §16 as “any court of competent jurisdiction of this state,” although tautological, permits a case-by-case determination of jurisdiction.
72 Mass.App.Ct. at 341-42.
Notwithstanding the “strongjurisdictional overtones” of section 17 that had led the Appeals Court to hold in Karbowski that the District Court had no jurisdiction to hear motions to vacate, in Abraham-Copley, the Appeals Court rejected the attempt to read section 17 as limiting jurisdiction of actions to confirm an award to the Superior Court. It stated that “[s]uch an interpretation effectively would make the wording of §16 suiplusage, an interpretation we must avoid in order to harmonize and give meaning to each of the parts of G.L.c. 251.” Id, at 342. Without delineating the factors that are to guide a “case-by-case determination of jurisdiction,” the Appeals Court held that, where a party seeks a money judgment, the Boston Municipal Court and District Court have jurisdiction to rule upon a motion to confirm an arbitration award and enter judgment. Abraham-Copley, 72 Mass.App.Ct. at 342-43.
If motions to confirm under section 11 are within the jurisdiction of the District Court to act upon but not motions to vacate under section 12, it would mean that the Legislature intended the word “court” to refer to different courts in the very same provision. Section 11 provides:
Upon application of a party, the court [meaning the District Court, Boston Municipal Court, or Superior Court per Abraham-Copley] shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court [meaning *3 only the Superior Court per Karbowski] shall proceed as provided in sections twelve and thirteen.
G.L.c. 251, §11 (emphasis added). Indeed, if the District Court and Boston Municipal Court have jurisdiction to confirm, but not to vacate, an arbitration award, it would mean that the Legislature intended the word “court” in section 9 to refer simultaneously to different courts. That section discusses the power of an arbitrator to modify or correct an award “if an application to the courtis pending under sections eleven, twelve, or thirteen...” G.L.c. 251, §9 (emphasis added).[3]
However, because Abraham-Copley expressly declined to overrule Karbowski, this court is not free to disregard Karbowskis holding. In Abraham-Copley, the Appeals Court stated that the reliance upon Karbowski by the party arguing that the Boston Municipal Court had no jurisdiction over a motion to confirm was “misplaced.” Abraham-Copley, 72 Mass.App.Ct. at 342. The Court went on to state that “(t]he Karbowski decision, involving a motion to vacate, has no application in this case.” Id. Because Karbowski remains good law, the fact that Heritage filed a motion to vacate in the District Court within thirty days of receipt of the arbitration award is not grounds to defeat the motion to dismiss.
Impact of Motion to Amend or Supplement Findings and Award
It is irrelevant that Heritage’s motion to vacate may have been filed in the Superior Court within thirty days of receipt of notice of the arbitrator’s denial of its motion to amend or supplement the findings and award. Chapter 251 has no provision tolling the thirty-day filing period for motions to vacate while a motion to amend or supplement is pending. The statutory purpose of “attaining prompt and conclusive answers to issues submitted to arbitration” would be hindered if a motion to reconsider, modify, supplement or correct resulted in an automatic stay. Trustees of Boston & Maine Corp. v. Mass. Bay Transp. Auth., 363 Mass. 386, 394-95 (1973) (stating that “(i]f it were necessary to a decision in this case, we would hold that neither an application to an arbitrator under G.L.c. 251, §9, for modification or correction of his award nor a modification or correction of that award by the arbitrator extends the period within which a party may file an application to vacate or modify the original award”).
Chapter 142A Counterclaim
Jurisdiction did not vest in the District Court to entertain the motion to vacate by virtue of the fact that the O’Connors had filed a counterclaim alleging violations of G.L.c. 142A. Chapter 142A, an act regulating home improvement contractors, governs “residential contracting.”[4] The arbitrator found that the underlying construction agreement was for new construction and not “residential contracting," and, therefore, not subject to chapter 142A.
In any event, nothing in chapter 142A vests the District Court with jurisdiction to vacate an arbitration order under chapter 151, §12 if, as here, a chapter 142A claim has been submitted to arbitration pursuant to an arbitration agreement entered into between the parties. Instead, chapter 142A creates a scheme for handling disputes between owners and contractors arising out of contracts for residential contracting services whereby an owner may request that a dispute be decided under the terms of a private arbitration program approved by the Director of Consumer Affairs and Business Regulation. G.L.c. 142A, §3. A party to such an arbitration has no right to move to vacate the arbitrator’s decision. Instead, all findings of fact issuing from the arbitration are prima facie evidence in any subsequent appeal brought by either party ensuing from the matter considered in the arbitration. G.L.c. 142A, §4(d). A contractor, subcontractor or homeowner may appeal the decision of an arbitrator for a trial de novo in Superior Court or District Court within twenty-one days from the issuance of the arbitrator’s findings. G.L.c. 142A, §4(e). The provisions of chapter 142A, §4, upon which Heritage relies in support of its argument that the District Court had jurisdiction over its motion to vacate, are inapplicable. Heritage, the prevailing party on the chapter 142A claim, is not appealing the arbitrator’s ruling pursuant to G.L.c. 142A, §4(e). Rather it seeks to vacate the award pursuant to chapter 251.
Heritage fares no better with its argument that, by filing a counterclaim under c. 142A, the defendants waived any argument that its motion to vacate must be filed in the Superior Court. Nothing in the filing of the counterclaim possibly could be construed to amount to a waiver. Moreover, “a defense of subject matter jurisdiction cannot be waived by the parties and may be raised for the first time on appeal or may even be raised by a court sua sponte.” Vining v. Commonwealth, 63 Mass.App.Ct. 690, 696 (2005).
Extension of Filing Deadline
Finally, Heritage argues that this court has authority to act on a late-filed motion to vacate and urges the court to do so. Its arguments are not persuasive.
First, Heritage contends that, because it filed its motion with the District Court within thirty days, G.L.c. 260, §32 applies by analogy to allow the refiling of the action in the proper court. General Law c. 260, §32 provides that certain “duly commenced” actions of contract or tort that are dismissed may be refiled within one year. “(TJhere is nothing in our appellate decisions to suggest that arbitration matters fall within the revival language of c. 260 . ..” Maltz v. Smith Barney, Inc., 427 Mass. 560, 563 (1998) (declining to apply c. 260, §32 to a motion to modify an arbitration award). This court does not have the power to apply c. 260, §32, an otherwise inapplicable statute, “by analogy.”
Next, Heritage maintains that Rule 6(b)(2) of the Massachusetts Rules of Civil Procedure gives the court discretion to enlarge the time requirements of G.L.c. *4 251, §12 for “excusable neglect.” That rule allows a court, “[w]hen by these rules or by a notice given thereunder or by order or Rule of court an act is required or allowed to be done at or within a specified time,” to extend the time for acting upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. Mass.R.Civ.P. Rule 6(b)(2). The rule has no application to a deadline, such as that contained in section 12 of chapter 251, that is not imposed by the rules of civil procedure or by order or rule of court. Hanson v. Venditelli, 47 Mass.App.Ct. 413, 417-18 (1999).
The Supreme Judicial Court rejected a similar claim of discretion to overlook non-compliance with chapter 251 that was premised on a different rule of civil procedure, namely Rule 60(a). See Quirk v. Data Terminal Systems, Inc., 394 Mass. 334, 339-40 (1985) (civil procedure rule allowing clerical mistakes in judgments to be corrected by the court at any time does not allow a court to correct a clerical error in an arbitration award without regard to the time limitations imposed by G.L.c. 251, §13). The Court relied upon the principle of statutory construction to the effect that, where there is a conflict, the “general statute must yield to the specific statute,” as well as upon the underlying policies favoring arbitration of disputes and “of achieving certainty and finality in the process . ..” Id. at 340.
In sum, this court does not have discretion under Rule 6(b)(2) to avoid the requirement in section 12 of chapter 251 that a motion to vacate be filed in the Superior Court within thirty days of receipt of the arbitration award.[5]
Motion for Award of Attorneys Fees and Costs
The O’Connors ask the court to award them attorneys fees and costs incurred in connection with this proceeding based upon paragraph 12 of the Arbitration Agreement. The Arbitration Agreement provides, in relevant part, that:
Should any party fail to cooperate with the disbursement of such escrowed funds pursuant to the terms of this agreement, such party shall pay to the other party all court costs, attorney’s fees and costs associated with enforcing this agreement and the disbursement of funds.
Paragraph 10 of the Arbitration Agreement requires a disbursement within thirty days “after the arbitrator’s decision becomes final.” Paragraph 5 of the Arbitration Agreement states that the arbitrator’s decision “shall become a final judgment” and that all rights of appeal are waived. It does not, however, purport to eliminate either party’s right to seek to have the award vacated, modified, or corrected by the court pursuant to G.L.c. 251, §§12 and 13. A petition to vacate is not an “appeal.” The mechanism whereby the arbitrator’s decision becomes a final judgment is a motion to confirm pursuant to G.L.c. 251, §11. The award has not yet been confirmed because of the pending motion to vacate. The Arbitration Agreement does not entitle the defendants to attorneys fees and costs associated with seeking the dismissal of the instant action.
ORDER
It is hereby ORDERED that the defendants’ motion to dismiss the Complaint be and hereby is ALLOWED and that the defendants’ motion for attorneys fees and costs be and hereby is DENIED.

Lawrence v. Falzarano, 7 Mass.App.Ct. 591, 592-93 n.2 (1979) (characterizing Probate Court proceeding seeking to stay arbitration proceedings as a “nullity” because the Probate Court was without jurisdiction to entertain such proceedings).

The first sentence of §9 uses the word “court” three times: “Upon application of a party or, if an application to the court is pending under sections eleven, twelve or thirteen, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in (1) and (3) of subdivision (a) of section thirteen, or for the purpose of clarifying the award.” G.L. 251, §9 (emphasis added).

Chapter 142A defines “residential contracting" as “the reconstruction, alteration, renovation, repair, modernization, conversion, improvement, removal, or demolition, or the construction of an addition to any preexisting owner occupied building . . .” G.L.c. 142A, §1.

Even if Mass.R.Civ.P. 6(b)(2) gave the court discretion to act upon Heritage’s motion to vacate, this court would not grant relief under that rule because Heritage has not shown “excusable neglect.” For the last twenty years, it has been clear that the District Court had no jurisdiction to vacate an arbitrator’s award pursuant to G.L.c. 251, §12. Karbowski v. Bradgate Associates, Inc., 25 Mass.App.Ct. 526, 528-29 (1988). The only case that might cast some doubt on KarbowkCs continuing validity was not decided until August 8, 2008, several months after Heritage filed its untimely motion to vacate in the Superior Court. Abraham-Copley Square Ltd. P'ship v. Badaoui, 72 Mass.App.Ct. 339 (2008). Ignorance of the applicable statutory requirement is not excusable neglect.