Swan, J.
In February, 2006, Thomas Dukas (“Dukas”), a building contractor doing business as TKD Construction, commenced this breach of contract action in the Concord Division of the District Court Department to recover for unpaid construction work provided to Brenda Y. Yiu (‘Yiu”). Yiu counterclaimed for breaches of contract and warranty, and violations of G.L.c. 93A. After two years of pretrial proceedings, the parties submitted their dispute to the American Arbitration Association (“AAA”), which made an award to Dukas. Dukas then filed a motion in the trial court for an assessment of attorney’s fees and costs. The motion was denied, and Dukas has appealed that ruling.
The essential facts are not in dispute. Arbitration hearings were conducted on May 19 and 20,2008. The arbitrator kept the matter open until September 5,2008, by which time he “request[ed] that applications for attorneys fees be made with final submissions.” Dukas did not file an application for attorney’s fees with the arbitrator. On October 2, 2008, the arbitrator found in favor of Dukas, awarding him $10,262.23, together with collection costs, attorney’s fees, the arbitrator’s compensation, the AAA fee, and interest (“award”). The arbitrator further stated, “No evidence has been submitted as to the amount of such [collection] costs and [attorneys] fees, so I am unable to quantify this portion of the award.” Thus, no sums for these items were awarded. “This award,” he concluded, “is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.”
The following day, Dukas’ counsel sent an e-mail to an AAA case manager, stating, “I assume that where the arbitrator has awarded attorney [sic] fees and costs in his decision, that I can submit my affidavit of those fees and costs for review and approval by the arbitrator.” The case manager replied, ‘You can actually bring the award to court to be enforced and at that time you can present the actual amounts. The AAA and/or the arbitrator do not need to approve anything.” On November 3, 2008, Dukas filed a motion in the trial court to confirm the award, which the court allowed. Dukas also filed a motion with a supporting affidavit for attorney’s fees *235 ($34,978.20) and costs ($12,601.93), which the court “denied without prejudice to [Dukas’] right to request, in a timely fashion, such award from the arbitrator.” Dukas’ counsel then filed a motion and affidavit for attorney’s fees and costs with the AAA, and Yiu filed an opposition. The arbitrator denied the request, stating:
I feel that I am constrained by the Commercial Rules and the provisions of G.L.c. 251, §9, under which authority I may not consider or act on the motion. Rule 46 of the Commercial Arbitration Rules limits the time for any application to modify an award to twenty days after the transmittal of the award, and limits the scope of that corrective authority to “clerical, typographical, technical, or computational errors.” The application to me is not timely under the Rule (additionally, I do not believe that error which I am empowered by Rule to correct has been identified). G.L.c. 251, §9 also limits the time for applications to modify or clarify an award to twenty days.
Dukas requested that the arbitrator reconsider. On January 9, 2009, the arbitrator issued a “disposition of application for clarification of award.” Affirming the award “as written,” the arbitrator stated:
While I am instructed by the holding in the matter of Ciampa v. Chubb Group of Ins. Companies[, 26 Mass. App. Ct. 941 (1988)] ... that I have the authority upon submission by a Court to correct mistakes in the Award without regard to the 20-day limitation established by G.L.c. 251, §9, no mistake in the Award of the type described in G.L.c. 251, §13 (a) (1) or (3) has been identified.... The problem I face (and the Award reflects) is that [Dukas] offered no evidence of Attorneys fees or costs prior to the closing of hearings, despite the request that applications for attorneys fees be made with final submissions, prior to the closure of hearings.... I believed that my authority to reopen the hearings to evidence of fees and costs terminated with the issuance of the award on September 5 ([AAA] Rule 36).
Dukas returned to court with a renewed motion for attorney’s fees and costs. The court denied the motion on the grounds that it was a motion to modify the award, which the court was without jurisdiction to hear, and further that Ciampa, supra, relied on by Dukas, was not on point “because this Court did not ‘order’ resubmission of the fee application to the arbitrator. See id. at 92. Instead, the court noted only that [Dukas] was entitled to seek fees.”
The initial question is whether the District Court Department has jurisdiction to entertain any of the three types of application relating to arbitration awards described in the Uniform Arbitration Act, G.L.c. 251, namely,
an application to confirm an arbitration award, G.L.c. 251, § 11 (“§11”); an application to vacate an arbitration award, G.L.c. 251, §12 (“§12”); or an application to modify an arbitration award, G.L.c. 251, §13 (“§13”).
The issue has been discussed by the Appeals Court in two cases: Karbowski v. Bradgate Assocs., Inc., 25 Mass. App. Ct. 526 (1988) (“Karbowski") and Abraham- *236 Copley Sq. Ltd. Partnership v. Badaoui, 72 Mass. App. Ct. 339 (2008) (“Abraham-Copley“). In Karbowski, a breach of contract action was commenced in the district court and then submitted to arbitration, resulting in an award for the plaintiff. The defendants filed a motion in the district court[2] to vacate the award. The Appeals Court held that the district court lacked jurisdiction to do so on the grounds that the motion to vacate was an “initial application” and that the venue provision of G.L.c. 251 gives the superior court exclusive jurisdiction thereof. Id. at 528. Section 17 of G.L.c. 251 states:
An initial application shall be made to the superior court for the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held. Otherwise the application shall be made in the county where the adverse party resides or has a place of business or, if he has no residence or place of business in this state, to the superior court for any county. All subsequent applications shall be made to the court hearing the initial application unless the court otherwise directs.
While §17 is “nominally concerned with venue, it has strong jurisdictional overtones.” Karbowski, supra at 528-529. In other words, even though the motion to vacate was made in a pending district court action that was brought for damages, it cannot be heard there because it is an “initial application” that must be made to the superior court to be heard in a prescribed county. Twenty years later, in Abraham-Copley, the Appeals Court held that the prevailing party in an arbitration, with no pending court action, could bring an action to confirm that award in the Boston Municipal Court (“BMC”), which had jurisdiction to hear it. Id. at 342. The Appeals Court ruled that jurisdiction is limited to the superior court only in matters described in G.L.c. 251, §§2 and 2A, which provide for proceedings to compel arbitration if there is an agreement to arbitrate, to stay an arbitration if there is no agreement, or to consolidate or sever arbitrations. Id. All other arbitration matters may be heard in “any court of competent jurisdiction of this state,” as defined in G.L.c. 251, §16. Id. at 341-342. The BMC, said the Appeals Court, was such a “court of competent jurisdiction” because the plaintiff was seeking a money judgment in accordance with G.L.c. 218, §§19 and 54 and Ravnikar v. Bogojavlensky, 438 Mass. 627, 632 (2003). Abraham-Copley, supra at 342-343.
Both Karbowski and Abraham-Copley considered the same statutes, and reconciling them is not an easy task. The best rule that we can marshal from these decisions, pending further appellate or legislative guidance,[3] is that the District Court *237 Department (or BMC) has jurisdiction to confirm an arbitration award (§11), at least when the ultimate purpose of the action is to obtain a money judgment based on that award; but the District Court Department (or BMC) has no jurisdiction to vacate an arbitration award (§12), even if the arbitration relates to a pending action in that court. Modification of an award, in turn, falls within the middle ground between confirmation and vacation, but quite often carries with it the vacating of parts of an award. Indeed, the statutory section involving modification, §13 (the full text of which is set forth in the margin[4]), states in its concluding subsection, “An application to modify or correct an award may be joined in the alternative with an application to vacate the award.” G.L.c. 251, §13 (c). And once a party seeks to modify an award, it is no longer simply seeking a money judgment based solely on that award, but is rather seeking something different, either more or less. Thus, we find that if the district court may not vacate, it also has no jurisdiction to modify. The trial court in this case correctly determined that adding attorney’s fees and costs to Dukas’ award constituted a modification, and that it had no jurisdiction to modify the award.
The trial court further held that, even if it did have jurisdiction, it had not submitted the matter to the arbitrator for clarification or modification and thus, by implication, affirmed the arbitrator’s decision to deny the request for attorney’s fees. The controlling statute on this point, G.L.c. 259, §9 (“§9”), states:
Upon application of a party or, if an application to the court is pending under sections eleven, twelve or thirteen, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in (1) and (3) of subdivision (a) of section thirteen, or for the purpose of clarifying the award. The application shall be made within twenty days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, ■within ten days from the notice. The award so modified or corrected shall be subject to the provisions of sections eleven, twelve and thirteen.
As the arbitrator noted, no request to modify the award to include an amount for attorney’s fees was made within the statutory period of twenty days Dukas cannot be excused from this requirement on the basis of his counsel’s apparent reliance on *238 the AAA case manager, who erroneously advised him simply to bypass the arbitrator and apply to the court for the fees. The trial court did have the authority under §9, even after the passage of twenty days, to return the matter to the arbitrator for modification or clarification, and the issue here is whether it did so. In Ciampa, supra, a superior court judge was faced with an arbitration award that was based on an “evident miscalculation,” as defined in §13 (a)(1). Under the circumstances, the court itself could have modified the award pursuant to §13, but instead “suggested to the parties that they first seek reconsideration by the arbitrator.... While a direct, formal submission might have been preferable, the informal procedure followed here did not jeopardize the substantial rights of Chubb (which participated in the resubmission, at least initially, by sending its own documentation to the arbitrator) .”[5] Id. at 941-942. Unquestionably, as in Ciampa, the trial court in this case did not make, and indeed later made plain that it did not make, “a direct, formal submission.” Nor did the court follow a Ciampa-Yike “informal procedure” to have a mistake corrected. Instead, the judge simply ruled that the motion for attorney’s fees was “denied without prejudice to [Dukas’] right to request, in a timely fashion, such award from the arbitrator” (emphasis added). We interpret these words to mean that all aspects of Dukas’ request — i.e., whether to quantify attorney’s fees and whether the request was “timely” — were to be placed, if anywhere, back in the hands of the arbitrator.
Once so placed, the arbitrator found the request untimely on a number of grounds, namely, violations of the twenty-day limitation of §9, the time limitations set forth in the AAA Commercial Rules,[6] and the arbitrator’s own order that fee applications be filed with him prior to September 5,2008. The arbitrator went further, however, and in substance treated the court’s order as a §9 submission to clarify the award or to “modify or correct the award upon the grounds” stated in §13 (a) (1) and (3), that is, whether “there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award,” or “the award [was] imperfect in a matter of form, not affecting the merits of the controversy.” Unlike Ciampa, there was no “evident miscalculation” of figures. There was no mistake in describing any “person, thing or properly.” Nor was there any defect in the form of the award. Cf. Barletta v. French, 34 Mass. App. Ct. 87, 96-98 (1993) (arbitration award was imperfect in form because it failed to allocate “benefits and burdens” among multiple parties). The arbitrator, thus, correctly concluded that “no mistake in the award of the type described in G.L.c. 251, §13 (a) (1) or (3) has been identified.” Moreover, no “clarification” was needed for what he had already made most clear, namely, that because the application was untimely, he would not quantify the fee. What is left, in the end, is the “functus officio principle ... that an arbitrator is without power to modify his final award except where the controlling *239 statute or the parties authorize modification.” Ciampa, supra at 941.
Finally, whether there was any basis for modification by the court is an issue not addressed by the trial court itself, but it has been argued by the parties both there and on appeal. The “court can... modify the award of an arbitrator only upon the narrow grounds described in” §13. Baxter Health Care, Corp. v. Harvard Apparatus, Inc., 35 Mass. App. Ct. 204, 208 (1993). As shown, all but one of those grounds — miscalculation, mistake in description, and imperfection in form, §13 (a) (1) and (3) — were correctly addressed by the arbitrator and need no further elaboration. The remaining statutory ground for modification, by a court only, occurs when “the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted.” §13 (a) (2). Completely absent from the award in this case is any matter not submitted to the arbitrator. In fact, the exact opposite occurred here. The arbitrator did not set a fee amount for the very reason that the fee application was not submitted in accordance with his order. “An arbitration award handed down pursuant to proper procedures and properly confirmed is binding on the parties and provides the measure of recovery on all claims properly within the submission.” Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 99 (1980). The award was issued, in the arbitrator’s own words, “in full settlement of all claims and counterclaims submitted.”[7] See Barletta, supra at 95. The award was not subject to modification by adding attorney’s fees and costs.
Yiu has moved, at the end of her appellate brief, for appellate attorney’s fees and costs pursuant to Dist/Mun. Cts. R. A. D. A., Rule 25. The rule allows for “damages” and costs if an appeal is frivolous or a party has acted in bad faith. As is evident from the foregoing discussion, and particularly in view of the uncertain state of the jurisdictional question, we find that Dukas’ appeal is neither frivolous, nor in bad faith, and deny the motion.
Judgment affirmed.
So ordered.

 It appears that the motion to vacate, being a motion and not a complaint, was filed in the pending action. See Karbowski v. Bradgate Assocs., Inc., 1987 Mass. App. Div. 19.

 The Appellate Division of the BMC, in its opinion in Abraham-Copley, discussed at length how 37 states and the District of Columbia, in adopting their respective versions of the Uniform Arbitration Act, have avoided this problem either by conferring jurisdiction on a specific court, or by using the general term “court” throughout. Abraham-Copley Sq. Ltd. Partnership v. Badaoui, 2007 Mass. App. Div. 83.

 “(a) Upon application made within thirty days after delivery of a copy of the award to the applicant, the court shall modify or correct the award if — (1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy, (b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected; otherwise, the court shall confirm the award as made, (c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award.”

 In Ciampa, as well as in the order appealed from here, the term “resubmission” is used synonymously with the statutory term “submission” found in §9.

 We do not have before us the applicable AAA rules, which were not included either in the Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal or the briefs, as was done in Baxter Health Care, Corp. v. Harvard Apparatus, Inc., 35 Mass. App. Ct. 204, 209 (1993). We therefore rely on the arbitrator’s interpretation of them.

 One intriguing question, not raised and thus not entertained by us, is whether the allowance of Dukas’ own motion to confirm the award — incorporating the “full settlement of all claims and counterclaims submitted” (emphasis added) —• mooted any further consideration, whether by the court below or the arbitrator, of adding attorney’s fees or costs to it.